**GOODMAN, Jr. et, Plaintiffs-Appellees, v. SULLIVAN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4723.   Decided March 14, 1952.

Robert L. Mellman, Columbus, for plaintiffs-appellees.
Edward A. Moriarity, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is a law appeal from a judgment of the Municipal Court of the City of Columbus in favor of the plaintiffs against the defendant for the sum of $840.00 and costs.   Defendant appeals.

Two errors are assigned:

1. The judgment is contrary to law.

2. The judgment is against the manifest weight of the evidence.

We may not consider the second assignment of error for the reason that we do not have a record of the evidence taken in the trial court.   Although there is a purported bill of exceptions in the files it is not settled and allowed by the trial judge, nor is it authenticated in any other manner provided by law.   Sec. 11571 GC.

We then give attention to the first error assigned.

Plaintiffs sued for two months rental claimed to be due them as lessors by the terms of a written lease between the parties.   The lease was for a period of five years, the rental $150.00 per month, the demised premises, a storeroom located at 304 East Main Street, Columbus, Ohio.   Defendant in his amended answer admitted the execution of the "alleged lease" but averred that it contained a provision, as found by the trial judge, that the rented premises were to be used by lessee for the sale of beer, wines, liquor and food and that because of the refusal of the Board of Liquor Control to approve

a transfer of a liquor permit then held by defendant, to the leased premises, performance of the lease by the lessee was made impossible.

From the briefs we learn that the Board of Liquor Control had refused to permit the defendant to operate a place for the sale of beer, wine and liquor at the rented premises because of the proximity thereto of a public school building. It also appears that the lease carried no exception or condition that if the liquor permit was not granted to the defendant it should not be binding upon him. It is not contended, nor does it appear that the premises could not have been used as a restaurant for the sale of food.

The trial judge upon request of defendant made special findings of fact from which he drew his conclusion of law that:

"The terms of the lease must prevail. Defendant knew the Board of Liquor Control would have to approve the transfer of his license before he could sell liquor upon the demised premises. He failed to provide for that contingency in his lease. Plaintiff is entitled to judgment for his rent."

This succinct conclusion of law is supported by the findings of fact which, in part, are, that defendant planning to move his liquor business from North High Street, in the City of Columbus to 304 East Main Street in said City, on August 11, 1950, executed a lease with plaintiff for a period of five years. That the rental was to be $150.00 per month and the defendant was to use the rented premises for the sale of beer, wines, liquor and food. That both parties knew when the lease was signed that the use of the property for the sale of liquor was subject to an order of the Board of Liquor Control allowing or disallowing the transfer of defendant's liquor license to the demised premises.

In the factual situation developed by the admissions in the pleadings and the findings of fact the lessee could not elect to treat the lease as ineffective to require the payment of the rent therein provided.

The legal question presented is considered in an annotation to Imbeschied v. Lerner (Mass.) 22 A. L. R. 821, under the topic "Effect of Interference by Law with Liquor Business on Lease of Property for that Purpose." The annotator in his introductory remarks says:

"The cases upon this question fall into two main classes, depending upon whether or not the lease is solely for the transaction of the liquor business. If it is not, the courts are practically unanimous in holding that the prevention of such business by law does not affect the tenant's liability for rent. If the sole purpose of the lease is that the leased property shall be devoted exclusively to the liquor business, there is

a conflict of authority as to whether or not the liability for rent is affected by prevention of the business by law."

The note is well supported by cases cited from many states.

It is evident that the lease here under consideration falls in the former of the two main classes discussed by the annotator and that the lessee may not be relieved from liability to pay rent.

Appellees cite the case of **Montgomery v. Board of Education, 102 Oh St 189,** which though not a blue bottle case is helpful, as Judge Matthias at page 193 of the opinion enunciates a principle which is applicable:

"The contingency which here occurred was one which might well have been foreseen and provided against in the contract, but was not. The law will not insert by construction for the benefit of one of the parties an exception or condition which the party either by design or neglect have omitted from their own contract."

The judgment of the Municipal Court is not contrary to law.

Appellees request this Court to correct the amount of the judgment in their behalf to the sum of $960.00, instead of $840.00, as carried into the judgment entry of November 21, 1951, and cite §11363 GC as authority for the correction of an error in computation in the amount of the judgment. As we view this question it is more than the correction of an error in computation. Appellees chose to reduce the amount of the monthly rental claimed from $150.00 per month to $120.00 per month, as appears from the amended and supplemental petition. The half sheet of the trial judge notes the amount of the judgment as "$820.00 (7 mos. @ $120.00 per mo. See entry of 11-21-51.)" Appellees' counsel in his brief states that,

"We inadvertently approved the Journal Entry of November 21, 1951, after which we requested the trial court to make the correction, but he refused to do so because he was of the opinion that the month commencing May 16, 1951, should not be included, which we submit is contrary to the amendment he approved at the opening of the trial."

Whether or not the Court was correct in the amount for which the judgment was entered, it was a formal judgment, knowingly made, and if appellees were aggrieved by the entry, as made, they should have filed a cross-appeal and tested the correctness of the order in this Court.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.