KAZMIER, APPELLANT, v. THOM ET AL., APPELLEES.
DOUGLAS, APPELLANT, v. THOM ET AL., APPELLEES.

[Cite as Kazmier v. Thom (1978), 63 Ohio App. 2d 29.]

(Nos. L-78-098 and L-78-057—Decided December 22, 1978.)

*Mr. Paul D. Frankel* and *Mr. Joseph D. Weisberg,* for appellants.

*Mr. Joseph J. Jordan, Mr. Andrew Douglas* and *Mr. William J. Bingle,* for appellees.

BROWN, J.  Gene Kazmier, dba Cement Contractor, and Neil Douglas, dba Fencing by Douglas, appeal from summary judgments in favor of defendants Edward J. O'Loughlin, a realty owner, and James and Edith Kesling, lessees of such real estate.

The summary judgments, involving two separate actions by plaintiffs to foreclose mechanic's liens, were consolidated for trial in the Common Pleas Court of Lucas County.

O'Loughlin was the owner of real estate comprising 2¾ acres at 5601 Monroe Street, Toledo, upon which liens were claimed by plaintiffs. O'Loughlin, joined by his wife, Hilda O'Loughlin, leased the realty to Hugh Thom, dba Country Squire Industries, his wife, Kathleen Thom, and James and Edith Kesling. The lease contained a provision requiring the lessees to place a chain link fence around the entire realty. This was in connection with the installation of certain dog kennel fencing.

Fencing and dog kennel runs were installed by plaintiffs pursuant to a contract executed by plaintiffs and lessee Hugh Thom. Plaintiffs had no contractual relationship with any of the other defendants, lessees James and Edith Kesling, and lessor Edward O'Loughlin.

When the fencing and dog runs were not paid for, plaintiffs filed affidavits of mechanic's liens with the Lucas County Recorder against the realty owned by O'Loughlin, stating that the claims arose out of a contract with Hugh Thom for supplies and labor furnished to Thom on the O'Loughlin real estate. Liens were not filed against the leasehold interests of the Thoms or the Keslings. The affidavits for mechanic's liens and the subsequent amended complaints in the Lucas County Common Pleas Court do not assert that any contract existed between either plaintiff and Edward J. O'Loughlin or James and Edith Kesling.

A judgment for the full amount of the contract claims was entered against lessee Thom with his consent, and thereafter the trial court granted summary judgments in favor of defen-

dants O'Loughlin and the Keslings. Plaintiffs appeal from these summary judgments, contending in their three assignments of error that the summary judgments were reversible error.

We disagree that the summary judgments on the claims for relief for foreclosure of the mechanic's liens constituted error, but conclude that plaintiffs had a right to proceed against defendants O'Loughlin and the Keslings on the claims for a personal judgment. We affirm, in part, and reverse, in part.

The mechanic's liens of plaintiffs can attach only to the interest of the lessee, Hugh Thom, the only defendant with whom the plaintiffs had a contract for the materials and supplies described in the affidavits for mechanic's liens.

Where a contractor has a contract solely with a lessee of real estate to furnish labor and materials for an improvement on the leased premises, a properly filed affidavit for a mechanic's lien creates a lien only on the lessee's interest in such real estate. *Romito Bros.* v. *Frank A. Flannery, Inc.* (1974), 40 Ohio St. 2d 79; *Mahoning Park Co.* v. *Warren Home Dev. Co.* (1924), 109 Ohio St. 358. In this circumstance, the contractor has no right to file or to claim a mechanic's lien on the interest of the lessor in such realty.

Two cases upon which plaintiffs rely for obtaining mechanic's liens on lessor O'Loughlin's interest in the property, even though O'Loughlin was not a party to the improvement contract, are *Hughes* v. *Oberholtzer* (1954), 162 Ohio St. 330, and *Hummel* v. *Hummel* (1938), 133 Ohio St. 520. These two cases do not support such proposition. *Hughes* and *Hummel* stand for the proposition that a plaintiff may recover in quasi contract to prevent a defendant from enriching himself at the expense of plaintiff. Such unjust enrichment cannot be asserted to impose a mechanic's lien on the interest of a lessor and lessees who are not parties to the improvement contracts with plaintiffs.

However, although plaintiffs are barred from asserting mechanic's lien rights against defendant O'Loughlin, they are not barred from an action to obtain a money judgment against O'Loughlin on the applicable principles of quasi contract.

The claim for relief against defendant O'Loughlin on the theory of unjust enrichment, grounded on the law of quasi contract, and the genuine issue of material fact pertaining

thereto, exists by reason of the following pleadings and evidentiary matters: the Amended Complaint alleges that Edward J. O'Loughlin's land has been appreciably increased in value due to the above improvements installed by the plaintiff; the Answer of O'Loughlin denies such increase in value, although the affidavit of O'Loughlin in support of his motion for a summary judgment does not deny the assertion of increased value. *Hughes* v. *Oberholtzer, supra,* at 335; *Rice* v. *Wheeling Dollar Savings & Trust Co.* (1951), 155 Ohio St. 391; *Hummel* v. *Hummel, supra;* 17 Corpus Juris Secundum, Contracts, Section 6; 12 American Jurisprudence, Contracts, Sections 6-7; 1 Corbin on Contracts 44, Section 19 (1963).

Likewise, although plaintiffs are barred from enforcing their mechanic's liens against the Keslings, who are not parties in interest named in the affidavits for mechanic's liens, plaintiffs may maintain an action in quasi contract against the Keslings. The plaintiffs allege in their amended complaints that Hugh Thom and James and Edith Kesling had a contract with each plaintiff to construct dog runs and fencing.

The Keslings' answer and affidavit in support of their motion for summary judgment deny a contract between them and plaintiffs.

However, the rebutting affidavit of plaintiff Douglas states as follows:

"1. It is my understanding that the lessee of the property was one James Kesling.

"2. That James Kesling and Hugh Thom were partners in the business venture for which the fencing was installed."

The rebutting affidavit of plaintiff Gene Kazmier asserts as follows:

"1. That Hugh Thom and James Kesling operated the dog kennel and held themselves out as partners in the business.

"2. Pursuant to the belief that there was a business relationship between the parties, I agreed to construct the dog runs.

"3. That I had personally taken my own dog to the kennel to be boarded on several occasions and James Kesling was operating the premises."

The evidentiary materials opposing the motion of the Keslings reveal a genuine issue of material fact regarding the business relationship between James Kesling and Hugh Thom,

the proof of which relationship is preliminary to the proof of any alleged contractual liability of James Kesling to plaintiffs. Therefore, it was contrary to law to grant a summary judgment in favor of the Keslings on the claims of plaintiffs Douglas and Kazmier for a personal judgment. Such summary judgment, while appropriate to Edith Kesling, must be reversed as to James Kesling.

The summary judgments of the Lucas County Common Pleas Court in favor of Edward O'Loughlin and James Kesling on the claims for relief seeking a foreclosure of the mechanic's liens are affirmed; the summary judgments in favor of the defendants Edward O'Loughlin and James Kesling on the claims for relief seeking personal money judgments grounded on the law of contracts are reversed; the summary judgment in favor of Edith Kesling is affirmed on all claims. The cause is remanded to the Common Pleas Court of Lucas County for further proceedings according to law.

*Judgments affirmed, in part,*
*and reversed, in part.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.