G & G LANGENBRUNNER, INC. *v.* DAVIS CONSTRUCTION CO. ET AL.

(No. 84CV-13113 — Decided November 16, 1984.)

Hamilton County Municipal Court.

*Charls & Charls* and *Jerome J. Charls,* for plaintiff.

*John E. Rockel,* for defendant Davis Construction Co.

*Dominic J. Mastruserio,* for defendants James and Karen Matacia.

BECKWITH, J.

#### Facts

(1) Plaintiff, G & G Langenbrunner, Inc. (hereinafter "G & G"), con-tracted with defendant, Davis Construction Co. (hereinafter "Davis"), to provide the labor and materials for a decorative stone veneer wall and chimney at premises owned by defendants, James C. and Karen Matacia (hereinafter "Matacias").

(2) An initial bid of $4,300 for the job was submitted by G & G. However, Davis had erroneously requested a bid for brick work and not stone as required by the Matacias.

(3) A second bid for stone work was submitted but the Matacias found the color of the fieldstone unacceptable when laid in web style.

(4) A third bid of $6,300 for flat-laid fieldstone was deemed to be too expensive by the Matacias.

(5) Thereafter, G & G suggested to Davis that the job be done on a time and materials basis with the Matacias and Davis to select the stone to be used. Davis agreed to the suggestion.

(6) Davis and the Matacias agreed that the total amount for the material and work to be done by G & G would not exceed $5,000. G & G was not a party to this agreement.

(7) The Matacias and Davis selected a gray split rubble stone for the Matacias' residence.

(8) Gray split rubble is a squarish variety of stone which is more expensive to lay than web style fieldstone, but cheaper to lay than flat fieldstone.

(9) Gray split rubble cost $105 per ton. Fieldstone of the type first proposed by G & G cost $35 per ton.

(10) As the job progressed it was discovered that the heatilator originally planned to be inserted in the fireplace assembly would not fit. This necessitated a reappraisal of the fireplace construction resulting in directions from Davis to G & G to construct a brick firebox with damper and grate furnace. G & G purchased the additional necessary materials and performed the additional labor required by these changes.

All parties assumed that these changes would not increase the overall cost of the fireplace and there is no testimony to show that the change in fact caused additional *overall* expense in the construction of the entire house.

(11) In addition to the work and materials outlined above, G & G constructed a front porch or step at a cost of $100. Neither Davis nor the Matacias requested this to be done. It was an error on the part of an employee of G & G, although Mr. Matacia (in response to the workman's inquiry) selected the style of the step. It is unclear whether Mr. Matacia understood that this would be an item in addition to the other agreed material and labor. The G & G employee obviously thought that it was included in his work. No one testified that the step was unnecessary, unwanted, or not worth the cost of installation.

(12) After G & G presented its bill for $7,307.38 to Davis, the specific items of time and material were reviewed by the two parties. Davis agreed that the time and materials had been provided. Davis had no complaints concerning the quality of workmanship or the reasonableness of the time and materials charges, although they had exceeded its estimate.

(13) No evidence was presented regarding the compliance of any party with any of the provisions of R.C. Chapter 1311 (mechanic's liens).

(14) All proceeds of the Matacias' construction loan have been dispersed with the exception of $5,000 being held in escrow by the mortgage holder pending resolution of the within cause.

Conclusions of Law

(1) A property owner who makes payment to a contractor without first securing the required certificates of materialmen and contractors' affidavits (under R.C. 1311.04) does not obtain the protection of R.C. 1311.05. *Reliance Universal* v. *Deluth Constr. Co.* (1981), 67 Ohio St. 2d 56 [21 O.O.3d 36], syllabus. In other words, the limitation on liability of the property owner to only that amount contained in his original contract with the general contractor is not available as a shield. The property owner may be held liable in quasi-contract or unjust enrichment for the reasonable value of services and materials provided despite the fact that they may exceed the amount set forth in the original contract.

(2) A thorough review of R.C. Chapter 1311 reveals no bar to the within action. That chapter of the Revised Code sets forth the statutory requirements for securing to the contractor, subcontractor, laborers and materialmen the benefits of a mechanic's lien. It does not prevent a lawsuit such as the matter at hand. In *Kazmier* v. *Thom* (1978), 63 Ohio App. 2d 29 [17 O.O.3d 237], the court specifically held that inability to assert a mechanic's lien does not bar an action on quasi-contract and unjust enrichment.[1]

In *Janell, Inc.* v. *Woods* (1980), 70 Ohio App. 2d 216 [24 O.O.3d 266], the court made clear that R.C. Chapter 1311 does not affect enforcement of direct contracts as between the parties. It, therefore, has no impact whatever as between G & G and Davis.

---

[1] The court has reviewed the cases cited by the Matacias in oral argument and finds that they are inapposite upon the facts or as in *Guldberg* v. *Greenfield* (1966), 259 Iowa 873, 146 N.W. 2d 298, and *Traubco Food Equip. Fab.* v. *U.A.W.* (1970), 123 Ill. App. 2d 106, 258 N.E. 2d 817. Ohio does not follow the majority rule adopted in these states. See *Kazmier* v. *Thom* (1978), 63 Ohio App. 2d 29 [17 O.O.3d 237], and *Janell, Inc.* v. *Woods* (1980), 70 Ohio App. 2d 216 [24 O.O.3d 266]. Perfection of a mechanic's lien is not the exclusive remedy of a contractor, subcontractor, laborer or materialman against a property owner in Ohio.

(3) A contract for time and materials existed between G & G and Davis. The reasonable value of the time and materials provided was $7,307.38 due and owing from February 28, 1984.

(4) A quasi-contract existed between the Matacias and G & G for material and labor reasonably valued at $7,307.38.

(5) A contract existed for the construction of a residence between Davis and the Matacias for a total price of $77,000 plus an additional amount of up to $1,700 for changes in the stone veneer front wall and chimney. This, stated another way, amounted to a total charge for this stone and chimney work not to exceed $5,000.

Wherefore, the court grants judgment in favor of plaintiff, G & G Langenbrunner, Inc., against defendants Davis Construction Co., James C. Matacia and Karen Matacia in the sum of $7,307.38, together with interest at the rate of ten percent per annum from February 28, 1984, plus its costs herein.

Furthermore, the court grants judgment in favor of defendant Davis Construction Co. against defendants James C. Matacia and Karen Matacia in the sum of $5,000, together with interest at the rate of ten percent per annum from February 28, 1984, plus its costs herein.

*Judgment accordingly.*