NEW HAVEN SUPPLY COMPANY, Appellant,

v.

MURPHY, d.b.a. Mid–Ohio Development Company, et al., Appellees.

[Cite as *New Haven Supply Co. v. Murphy* (1989), 65 Ohio App.3d 660.]

Court of Appeals of Ohio,
Hancock County.

No. 5–88–17.

Decided Dec. 18, 1989.

*O'Brien & Bauer Co., L.P.A.,* and *James C. Funk,* for appellant.

*Drake, Phillips, Kuenzli & Clark* and *David P. Kuenzli,* for appellees Herbert and Patricia Murphy and Lanagan Construction Co.

*John A. Kissh, Jr.,* for appellee J.R. Brondes.

*Thomas F. Bryant Co., L.P.A.,* and *Barbara Doane Larick,* for appellee B & D Electric, Inc.

*Mark R. Tantari,* for appellee Toledo Trust Co.

_____

SHAW, Judge.

The plaintiff-appellant, New Haven Supply Company, appeals from an order of summary judgment entered in the Court of Common Pleas of Hancock County dismissing its suit against the defendants-appellees, Herbert Murphy, d.b.a. Mid–Ohio Development Company, and Patricia Murphy, for enforcement of a mechanic's lien and alternatively for relief based in quasi-contract.

The defendants contracted with a general contractor, Lanagan Construction Company, for the construction of a commercial facility on property owned by the defendants. The general contractor subcontracted the electrical work on the project to B & D Electric, Inc., who, in turn, contracted with the plaintiff to supply the materials necessary for performance of the electrical subcontract. The plaintiff had not been paid for the materials and on June 4, 1987 filed an affidavit of mechanic's lien with the Hancock County Recorder against the realty into which the materials were allegedly incorporated. The trial court granted summary judgment on the basis that the lien was untimely filed.

Plaintiff presents a single assignment of error asserting that the summary judgment in favor of the defendants constitutes reversible error for two reasons. First, plaintiff contends that its affidavit of mechanic's lien was timely filed pursuant to R.C. 1311.06(B)(3) and thus a valid lien exists on the defendants' property. Second, plaintiff contends that, in any event, by virtue of the defendants' failure to comply with R.C. 1311.04, it is entitled to pursue an alternative claim for relief in quasi-contract.

R.C. 1311.06(A) requires every contractor, subcontractor, materialman or laborer, who wishes to avail himself of the mechanic's lien statutes, to file and record an affidavit of mechanic's lien setting forth the information described in that section. Subsection (B)(3) of R.C. 1311.06 provides that, unless the lien arises in connection with certain types of residential property described in subsection (B)(1) or in connection with oil and gas wells as described in subsection (B)(2), the affidavit shall be filed:

" * * * within ninety days from the date on which the last of the machinery, material, or fuel was furnished by the person claiming the lien at the building, or the last of the work or labor was performed by the person claiming the lien, except that the affidavit shall not be filed later than sixty days after the date on which the last machinery, material, or fuel is furnished by any person, or after the last work or labor is performed by any person, pursuant to the same general contract at the property to be charged with the lien."

■ The affidavit of mechanic's lien was filed on June 4, 1987. It is undisputed that the plaintiff's last date of delivery of materials was April 6, 1987. Plaintiff concedes that the delivery on April 6, 1987, as well as all prior deliveries, were made at the subcontractor's warehouse rather than at the construction site. Upon these facts, plaintiff contends that it had ninety days, from April 6, 1987, to file the affidavit of mechanic's lien and that, having done so, plaintiff perfected a valid mechanic's lien against the subject property.

The evidence presented by defendants, in support of their motion for summary judgment, is that the construction project was completed on March 1, 1987 and that no further deliveries were made or labor performed after that date. Defendants therefore contend that the plaintiff had sixty days, from March 1, 1987, within which to perfect a mechanic's lien and thus the affidavit filed on June 4, 1987 was untimely.

According to the express language of R.C. 1311.06(B)(3), a mechanic's lien for materials is perfected if an affidavit is filed either within ninety days after the *lien claimant* last delivers the materials *at the building site* or within sixty days after the last deliveries are made or work performed *by any person at the property to be charged with the lien*. See, also, 68 Ohio Jurisprudence 3d (1986) 153, Mechanic's Liens, Section 113. We therefore find that the plaintiff's delivery of the materials to the subcontractor's warehouse on April 6, 1987, rather than to the construction site, precludes the plaintiff's reliance upon the ninety-day provision of R.C. 1311.06(B)(3) to establish the timeliness of its affidavit.

■ It is conceivable that the subcontractor could have delivered the materials to the construction site on or after April 6, 1987, thus making the affidavit, filed on June 4, 1987, timely within the provision for affidavits filed within sixty days of the last date that *any person* delivered materials, fuel or machinery or performed labor at the property to be charged with the lien.

However, once again, the evidence offered in support of the defendants' motion for summary judgment, including the sworn affidavits of the contractor and the job manager for the subcontractor, is that all general contract and subcontract work on the facility was completed on or before March 1, 1987 and specifically that no materials purchased from the plaintiff were delivered *at the property to be charged with the lien* after that date. Plaintiff's response to the motion for summary judgment set forth no specific facts to rebut this evidence. We therefore conclude that the affidavit of mechanic's lien was not timely filed within either the ninety-day or the sixty-day provision of R.C. 1311.06(B)(3).

The second argument made by the plaintiff is that, regardless of its inability to assert a mechanic's lien, the defendants' noncompliance with R.C. 1311.04 entitles the plaintiff to pursue an action in quasi-contract on the theory of unjust enrichment.[1]

A quasi-contract of the type alleged by the plaintiff is best documented in Annotation (1975), 62 A.L.R.3d 288, 293. The general rule, which is applicable to materialmen, as well as subcontractors, is described in paragraph 2 of the annotation as follows:

"As a broad general rule of law, it has been widely held or recognized that, apart from unjust enrichment or from any special statutory rights or remedies, a subcontractor who has furnished labor or materials for the construction or repair of some form of improvement on the lands of another has no right to a personal judgment against the landowner where there is no contractual relationship between them."

Plaintiff, without aid of a contractual relationship with the defendants, can only proceed against the defendants if it can do so under a special statutory right, such as a mechanic's lien (which plaintiff here has not properly perfected), or if defendants were unjustly enriched by the materials provided. *Kazmier v. Thom* (1978), 63 Ohio App.2d 29, 17 O.O.3d 237, 408 N.E.2d 694. However, the pleadings and evidence must establish such enrichment to the defendant. *Hughes v. Oberholtzer* (1954), 162 Ohio St. 330, 336, 55 O.O. 199, 202, 123 N.E.2d 393, 397. Considering the cited authorities, we conclude that, regardless of the defendants' noncompliance with R.C. 1311.04, an action cannot lie in quasi-contract unless the facts of the case conclusively establish that the defendants have received a benefit, for which they have given no consideration, to the detriment of the plaintiff.

Turning then to the undisputed facts of the case, we hold that recovery in quasi-contract based upon unjust enrichment is not available to the plaintiff because defendants are not unjustly enriched. The subcontractor, to whom plaintiff delivered materials for incorporation into defendants' building, was paid in full; hence, defendants have paid for any materials that they received by virtue of the contract between plaintiff and the subcontractor. The defendants have not received something for nothing.

---

1. R.C. 1311.04 requires a property owner, prior to disbursing funds to a contractor, to secure certificates of materialmen and sworn statements from the contractor and subcontractor indicating, *inter alia*, the actual amount yet unpaid for material furnished by a supplier. Payments made to a contractor without specific compliance with the requirements of R.C. 1311.04 preclude a property owner from defeating a valid mechanic's lien. See R.C. 1311.04 and *Reliance Universal, Inc. v. Deluth Constr. Co.* (1981), 67 Ohio St.2d 56, 21 O.O.3d 36, 425 N.E.2d 404.

For the reasons set forth above, the assignment of error is not well taken. Accordingly, the judgment of the trial court granting summary judgment in favor of the defendants is affirmed.

*Judgment affirmed.*

EVANS, P.J., and MILLER, J., concur.