**OHIO FARMERS INSURANCE COMPANY, Appellant,**

v.

**COMMERCIAL CENTER CONTRACTORS CORPORATION
et al.; NationsBank, Appellee.**

[Cite as *Ohio Farmers Ins. Co. v. Commercial Ctr.
Contrs. Corp.* (1996), 111 Ohio App.3d 551.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 95 CA 24.

Decided June 7, 1996.

552

*Dennis D. Liston,* for appellant.

*Mark Landes,* for appellee NationsBank.

WOLFF, Judge.

Ohio Farmers Insurance Company ("OFIC") appeals from a judgment of the Champaign County Court of Common Pleas, which granted summary judgment in favor of appellee, NationsBank.

The facts of the case are as follows.

In 1987, Urbana Shopping Center Associates, Ltd. ("Urbana Associates"), undertook to construct a shopping center in Urbana. To that end, Urbana Associates gave a promissory note for a construction loan from NationsBank[1] in the amount of $3.9 million. Commercial Centers Contractors Corporation ("Commercial") was an affiliate of Urbana Associates. NationsBank appears to have disbursed the loan proceeds to Commercial.

Commercial contracted with Carnegie Construction, Inc. ("Carnegie") for construction of the shopping center. Commercial also entered into a surety agreement with OFIC by which OFIC issued a payment and performance bond on the project. NationsBank was listed, along with Commercial, as an obligee on OFIC's payment and performance bond. NationsBank's note was secured by a mortgage on the property, which was properly recorded.

In 1988, Carnegie indicated that it was unable to complete performance on its construction contract. As a result, Commercial demanded that OFIC complete construction of the shopping center pursuant to its surety bond. OFIC subsequently completed the construction of the center at a cost of $348,310.06. OFIC unsuccessfully demanded payment from Commercial for the work it had performed. On January 23, 1990, OFIC filed a mechanic's lien on the property in the amount of $287,093.90 for those portions of its expenditures which qualified under the mechanic's lien statute. See R.C. 1311.02.

NationsBank had advanced $3,468,294.47 in principal to Commercial under the promissory note, and on February 20, 1991, Commercial repaid $400,000 of the amount advanced. NationsBank did not distribute the remainder of the construction loan due to Commercial's subsequent default.

OFIC filed suit against Commercial, NationsBank, Urbana Associates, and other interested parties seeking to recover the cost of completing the contract, or $348,310.06. OFIC argued that it should be allowed to collect from NationsBank for its payments under the performance bond on a theory of unjust enrichment and that, due to NationsBank's unjust enrichment, OFIC's mechanic's lien should be given priority over NationsBank's mortgage lien for purposes of distributing

---

1. American Security Bank, N.A. was the original party to this action. NationsBank subsequently acquired American Security and was substituted as a party.

foreclosure proceeds. NationsBank answered and moved for partial summary judgment against OFIC. OFIC also moved for summary judgment against NationsBank.

In a judgment entry filed on November 1, 1995, the trial court ordered foreclosure of the property due to Urbana Associates' failure to pay on Nations-Bank's note and granted NationsBank's motion for summary judgment. The trial court found that OFIC had a valid mechanic's lien on the property in the amount of $287,093.90, but that OFIC's mechanic's lien did not have priority over NationsBank's mortgage lien in distribution of the foreclosure proceeds. It implicitly rejected OFIC's unjust enrichment claims against NationsBank. The trial court did enter judgment for OFIC against Commercial for the full value of the services and supplies provided under the surety bond.

OFIC asserts four assignments of error on appeal:

"I. Unpaid persons supplying labor and material to a construction project have a right to recover under a theory of unjust enrichment, which right is prior to the right of the construction lender."

OFIC argues that its mechanic's lien should have been given priority over NationsBank's mortgage lien in order to prevent NationsBank's unjust enrichment. OFIC claims that NationsBank was unjustly enriched because it obtained a mortgage on a *completed* shopping center, in part at OFIC's expense, yet it had not disbursed loan proceeds to the full extent of its loan commitment. OFIC implies that NationsBank led it to believe that NationsBank would pay OFIC for the work necessary to complete the project, and that OFIC would not have completed the project but for those assurances.

The priority to be given to competing secured interests is clearly prescribed by statute. R.C. 1311.14 states that "the lien of a mortgage given in whole or in part to improve real estate * * * shall be prior to all mechanic's, materialmen's and similar liens * * * that are filed for record after said improvement mortgage is filed for record * * *." OFIC concedes that its lien is in the nature of a mechanic's lien. Neither the statute nor any cases provide for an exception to the priorities set forth therein based upon the theory of unjust enrichment.

OFIC relies upon numerous cases in which subcontractors who had failed to properly file or otherwise obtain mechanic's liens were nonetheless allowed to recover under the theory of unjust enrichment. See, *e.g., Banks v. Cincinnati* (1986), 31 Ohio App.3d 54, 31 OBR 94, 508 N.E.2d 966; *Kazmier v. Thom* (1978), 63 Ohio App.2d 29, 17 O.O.3d 237, 408 N.E.2d 694. These cases, however, involved recovery from the owner of the property. OFIC has not cited any cases which allow a mechanic's lienholder priority over a mortgagee which has recorded

its mortgage lien prior to the filing of the mechanic's lien, and we are not inclined to provide for that right. Accord *First Natl. Bank v. Bolin* (May 11, 1994), Summit App. No. 16405, unreported, 1994 WL 175728.

■ OFIC also contends that NationsBank "let OFIC complete the project while OFIC relied upon payment from the loan proceeds" and that it "agreed to perform with the understanding that it would be paid from the proceeds of the construction loan." In its second amended complaint, OFIC alleged that Nations-Bank "knew that OFIC was expending substantial funds to complete performance" of the construction project, but it did not allege that, in completing the project, it relied upon any assurances of payment from NationsBank. Rather, OFIC's complaint stated that it had relied upon Commercial's assurance that OFIC would be paid from the balance of the loan commitment. In its motion for summary judgment, OFIC admitted that representatives of Urbana Associates and Commercial had told OFIC that payment for completion of the work would come from the loan proceeds. OFIC did not allege that a representative of NationsBank made such assurances. Therefore, OFIC did not create a genuine issue of material fact as to whether NationsBank had made false assurances that it would pay OFIC's expenses in completing Carnegie's contract. NationsBank is not responsible for the assurances others made regarding how the loan proceeds would be distributed. Moreover, we note that OFIC did not gratuitously agree to complete the contract after Carnegie's default. Pursuant to its performance bond, for which it presumably had been paid a premium, it was contractually obligated to do so.

OFIC's first assignment of error is overruled.

"II. A contractor or a surety completing a contractor's work is entitled to be paid by the construction lender from undisbursed proceeds under a theory of unjust enrichment."

"IV. The trial court erred in granting summary judgment to NationsBank."

OFIC alleges that NationsBank has been unjustly enriched because it has received the full security for which it bargained, a mortgage on the *completed* shopping center, but it has not disbursed the full amount of the construction loan to the contractor. Therefore, OFIC contends that it should be allowed to collect the value of the materials and services it provided pursuant to its performance bond from the undisbursed loan proceeds held by NationsBank.

The contract provisions upon which OFIC's argument relies, *i.e.*, Nations-Bank's obligation under the promissory note, are found in NationsBank's contract with Urbana Associates and Commercial, to which OFIC was not a party. The language relevant to OFIC's rights must be found in its own contract with Commercial pertaining to the performance bond. This contract is not a part of

the record in this case. We can infer, however, that OFIC was paid a premium in exchange for which it undertook an obligation to complete construction of the Urbana Associates shopping center project if Carnegie was unable to do so. It is undisputed that both Commercial and NationsBank were the obligees on the bond. We can also infer that the surety agreement did not contain an express provision requiring NationsBank to reimburse OFIC for monies paid on the bond, as OFIC did not bring any such language to the attention of the trial court.

■■■ Equitable remedies are not available to circumvent the provisions of an express contract. OFIC has implicitly admitted that it received the consideration for which it bargained in exchange for its issuance of a performance bond. That consideration is not rendered insufficient merely because, in hindsight, it does not fully compensate OFIC for the services it was called upon to perform under the contract. *Cincinnati v. St. Paul Mercury Indemn. Co.* (Ohio App.1959), 165 N.E.2d 798. OFIC was surely aware of its risk exposure when it entered into the agreement, and the premium charged should have reflected the anticipated risk.

■■■ In essence, through its unjust enrichment claim, OFIC asked the trial court to reform its contract with Commercial to include a provision entitling it to collect monies it paid under the contract from one of the obligees, NationsBank.

"Reformation is not a proper remedy for the enforcement of terms to which [a party] never assented; it is a remedy the purpose of which is to make a mistaken writing conform to antecedent expressions on which the parties agreed." Corbin, Contracts (1960), Section 614.

Where a foreseeable contingency is not provided for by the parties to a contract, the law will not insert an exception or condition of the contract upon the occurrence of such a contingency. *Goodman v. Sullivan* (1952), 94 Ohio App. 390, 393, 52 O.O. 56, 57, 114 N.E.2d 856, 858. See, also, *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 54–55, 544 N.E.2d 920, 923–924.

In the absence of fraud or some other factor undercutting a party's consent, the law of contracts does not support OFIC's effort to use an unjust enrichment claim to supplement its rights under an express contract. Therefore, OFIC's second and fourth assignments of error are overruled.

"III. The trial court erred in not granting summary judgment to OFIC."

OFIC contends that the trial court erred in finding that its mechanic's lien was not entitled to priority over NationsBank's mortgage lien and that it was not entitled to a judgment against the undisbursed loan proceeds held by Nations-

Bank. For the reasons discussed under the first, second, and fourth assignments of error, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and FAIN, J., concur.