JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, A-Absolute Services ("A-Absolute"), appeals from the judgment of the Hamilton County Court of Common Pleas that granted the motion to dismiss filed by defendant-appellee, PNC Bank, N.A. ("PNC"). For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
Defendant Culinary Associates managed a property owned by defendant Kersting Enterprises. Culinary entered into a contract with A-Absolute, under which A-Absolute was to perform fire-restoration services for the property. Kersting's insurer issued a check in the name of Kersting to pay for the services. According to A-Absolute's complaint, PNC, the mortgagee of the property, wrongfully took possession of the check and applied the proceeds to the outstanding balance on the mortgage. In its complaint, A-Absolute asserted claims against PNC for unjust enrichment and conversion of the check proceeds. The trial court dismissed those claims pursuant to Civ.R. 12(B)(6).
In its first assignment of error, A-Absolute argues that the trial court erred by dismissing its claims against PNC. For a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling it to recovery.[1] Our review of the complaint convinces us that the complaint does set forth claims against PNC for unjust enrichment and conversion.
We first examine the unjust enrichment claim. In general, "unjust enrichment occurs when a party retains money or benefits that in justice or equity belong to another."[2] PNC correctly maintains that, generally, an unsecured creditor cannot gain priority for its claims against a debtor over a mortgage holder by alleging that the mortgagee was unjustly enriched by an increase in the value of the property subject to the mortgage.[3] But here, A-Absolute alleged in counts three and four of its complaint that PNC received not only the value of the improvements to the property occasioned by its services, but $41,000 in addition to that value that rightfully belonged to A-Absolute.
It is also true that a party to an express contract may not assert a claim of unjust enrichment against another party to the contract to supplement his recovery under the contract, even if enforcement of the contract results in a hardship to that party.[4] In Ohio Farmers, where the court applied this general rule to the claims of the plaintiff against a defendant who was not a party to the contract, the court likewise stated, "[Farmers] has implicitly admitted that it received the consideration for which it bargained in exchange for the issuance of a performance bond. That consideration is not rendered insufficient merely because, in hindsight, it does not fully compensate [Farmers] for the services it was called upon to perform under the contract."[5]
In this case, A-Absolute alleges in its complaint that it did not receive any consideration for its services. That fact, in and of itself, distinguishes the case at bar from those cases cited by PNC. A-Absolute's complaint was sufficient to state a cause of action for unjust enrichment, subject to any defenses that PNC may assert, and the trial court erred in dismissing that claim.
We also hold that the trial court erred in dismissing A-Absolute's claim for conversion. To prevail on a claim of civil conversion, the plaintiff must prove that the defendant wrongfully exercised dominion and control over property to the exclusion of, or inconsistent with, the plaintiff's rights.[6] Here, A-Absolute alleged that PNC had received $41,000 in insurance proceeds that were intended to compensate A-Absolute for services that it had performed. According to A-Absolute's complaint, PNC was wrongfully in possession of the proceeds and had infringed upon A-Absolute's right to receive the funds. The allegations were therefore sufficient to state a claim sounding in civil conversion.
PNC's denial that its appropriation of the funds was wrongful did not warrant dismissal of the claim pursuant to Civ.R. 12(B)(6), as PNC did not demonstrate that A-Absolute could prove no set of facts entitling it to relief.[7] Because we hold that the dismissal of the claims against PNC was improvident, the first assignment of error is sustained.
In its second assignment of error, A-Absolute argues that the lower court improperly considered matters outside of the pleadings in ruling on the motion to dismiss. Having held that the trial court improperly granted the motion to dismiss, we find this assignment of error to be moot, and we need not address it on its merits. The judgment of the court of common pleas is reversed and this cause is remanded for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and WINKLER, JJ.
[1] See O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[2] See Liberty Mut. Ins. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 109,110-111, 532 N.E.2d 124, 125.
[3] See, e.g., Ohio Farmers Ins. Co. v. Commercial Ctr.Contractors Corp. (1996), 111 Ohio App.3d 551, 554-555,676 N.E.2d 928, 930-931.
[4] See Ullmann v. May (1947), 147 Ohio St. 468, 72 N.E.2d 63, paragraph four of the syllabus; Weiper v. W.A. Hill Assocs.
(1995), 104 Ohio App.3d 250, 262, 661 N.E.2d 796, 804.
[5] Ohio Farmers, supra, at 556, 676 N.E.2d at 931.
[6] See Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93,96, 551 N.E.2d 172, 175.
[7] As with the claim for unjust enrichment, PNC may be entitled to judgment, including summary judgment, based on the lack of genuine issues of material fact related to the validity of its defenses to A-Absolute's claim for conversion. However, at this point in the proceedings, we consider only whether A-Absolute's claims survive a motion to dismiss for failure to state a claim upon which relief can be granted.