JOURNAL ENTRY and OPINION
This case is before the court on appeal from a final judgment in favor of defendant-appellee S.E. Johnson Companies, Inc. (Johnson) following a jury trial. In a single assignment of error, plaintiff-appellant Ohio Bulk Transfer Co., Inc. (OBT) contends:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR DIRECTED VERDICT AND DISMISSING PLAINTIFF-APPELLANT'S CLAIM FOR UNJUST ENRICHMENT.
We find no error in the trial court's decision and affirm its judgment.
 PROCEDURAL HISTORY
OBT filed its complaint in this case on October 1, 1999, seeking recovery of $390,798.12 from Johnson for the supply and transport of borrow (i.e., dirt) to a construction site. Its complaint stated three alternative causes of action: a claim on an account; a claim for breach of contract; and a claim for unjust enrichment. The case proceeded to a jury trial on May 24, 2000.
At the close of OBT's case-in-chief, Johnson moved for a directed verdict on OBT's unjust enrichment claim. The court granted that motion. OBT then voluntarily withdrew its claim on an account.
The court instructed the jury on breach of contract. At the conclusion of the jury instructions, OBT asked the court to instruct the jury on unjust enrichment. The court rejected this request. The jury returned a verdict for Johnson on OBT's contract claim. The court entered judgment on the verdict on May 30, 2000.
OBT appealed this matter in Cuyahoga App. No. 78194. In that appeal, we directed the trial court to supplement its judgment on the jury verdict with a signed and journalized entry documenting its oral ruling directing the verdict for Johnson on the unjust enrichment claim. The trial court did not comply with this order. As a result, this court dismissed the appeal for lack of a final appealable order in a decision journalized on May 7, 2001.
On May 25, 2001, the trial court entered the following order:
 The Court, having reviewed the transcript of proceedings for May 25, 2000 and the Journal Entry and Opinion in C.A. 78194, enters nunc pro tunc its ruling directing a verdict in favor of the defendant upon the claim of un-just enrichment.
OBT timely appealed from this ruling on June 21, 2001. Both parties agreed to adopt the briefs from Appeal No. 78194 in this appeal.
 LAW AND ANALYSIS
We review de novo the trial court's order granting a directed verdict on OBT's unjust enrichment claim. McConnell v. Hunt Sports Enterprises(1999), 132 Ohio App.3d 657, 686-87; Abbott v. Jarrett Reclamation Services, Inc. (1999), 132 Ohio App.3d 729, 738. In doing so, we must construe the evidence most strongly in favor of OBT, the non-moving party, and ascertain whether reasonable minds could only come to a conclusion adverse to OBT on any determinative issue. Civ.R. 50(A)(4).
At trial, the parties agreed that the appropriate rate of pay was $4.75 per cubic yard of borrow, per the purchase order Johnson had submitted to OBT. They further agreed that some 5,410 truckloads of borrow were delivered to the construction site. They disputed how many cubic yards of borrow were delivered.
The parties had originally agreed that the amount delivered would be determined by a cross-section of the site from which the borrow was taken. However, the parties could not use this contract method for determining the amount of borrow OBT supplied because the area was not staked before the borrow was removed so that a cross-section could be measured. An accurate measure was also hindered by the fact borrow was taken from more than one site.
OBT's witnesses suggested that the amount of borrow should be determined by the truckload, assuming twenty-five cubic meters for deliveries by larger trucks and eighteen cubic meters for deliveries with smaller trucks. Based upon this formula, OBT claimed it had delivered a total of 129,729 cubic yards of borrow. Johnson actually paid OBT $275,006; OBT claimed an additional $341,206.75.
Neither party disputed that they had an express contract for OBT to supply borrow at a rate of $4.75 per cubic yard. As OBT recognizes, a claim for unjust enrichment will not lie when the subject of the claim is covered by an express contract. Ohio Farmer's Ins. Co. v. Commercial Ctr. Contractors Corp. (1996), 111 Ohio App.3d 551, 556. OBT claims that the jury could have found the contract was unenforceable because the parties were unable to calculate the volume of borrow OBT supplied under the formula described in the contract. We disagree.
OBT supplied borrow to Johnson despite its knowledge that a cross section of the borrow sites had not been taken. Its vice president conceded that the reason why we're here today is because [OBT and Johnson] could not reach a written agreement on how to calculate the quantity of dirt hauled to the project. This evidence showed the parties intended to be bound by their agreement despite the failure of the provision for determining the amount of borrow supplied by OBT. See Oglebay Norton Co. v. Armco, Inc. (1990), 52 Ohio St.3d 232, 235; Restatement of the Law, Second, Contracts, section 33. The parties submitted to the jury the question of a reasonable method for calculating the amount of borrow OBT supplied. Cf. Restatement of the Law, Second, Contracts, section 204 (When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.) Because there was no factual basis in the record for the jury to find the written contract was unenforceable, the trial court properly directed the verdict for Johnson on OBT's claim for unjust enrichment. Accordingly, we overrule OBT's single assignment of error and affirm the judgment in favor of Johnson.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and MICHAEL J. CORRIGAN, J. CONCUR