## BRENNEMANN v. BROWN et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3138. Decided Mar. 5, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**755. MECHANICS' LIENS—923 Pleadings.**
Petition which does not contain itemized statement of account nor statement that affidavit and itemized statement were filed, as provided by law, does not state facts which show cause of action.

**85. APPEAL—384. Demurrer—941. Practice & Procedure.**
Court of Appeals may consider demurrer, regardless of fact that answer filed in court below has not been withdrawn.

Appeal from Common Pleas.
Demurrer sustained.

Otis H. Fisk and J. B. Frenkel, Cincinnati, for Brennemann.

Chas. P. Taft, Pros. Atty., and Herbert F. Koch, Asst. Pros. Atty., Cincinnati for County Commissioners.

Leonard H. Freiberg, Cincinnati, for Robt. C. Rude.

**FULL TEXT.**
CUSHING, J.

The petition recites that the defendants, Brown, Krollman, and Towle are the qualified and acting Board of County Commissioners of Hamilton County, Ohio; that the plaintiff entered into a contract with Robert C. Rude, and that, in accordance with the terms of said contract, he furnished labor and material for the erection of a structure on land owned by the Board of County Commissioners of Hamilton County, Ohio, and described in the petition; and states that the last of said labor and materials were furnished April 23, 1926.

On April 26, 1926, plaintiff filed an affidavit for a mechanic's lien with the Recorder of Hamilton County, Ohio, which stated that he had furnished certain materials and labor in and for erecting a certain structure situated on the land thereinafter described in said affidavit.·

In the Court of Common Pleas, a demurrer was filed to the petition. The demurrer states that the petition "does not contain sufficient grounds to constitute a cause of action."

Section 11,309, General Code of Ohio, provides:

"The defendant may demur to the petition only when it appears on its face * * * that the petition does not state facts which show a cause of action."

Considering the demurrer as if it had been correctly stated, our next consideration is directed to the claim of the plaintiff that the court cannot consider the demurrer until after the answer, filed in the court below, is withdrawn.

If plaintiff correctly states the law, we would be limited to a consideration of the petition and the answer. We cannot agree with this view. The law has been stated as follows:

"It has been held many times by this court, that an appeal brings up questions upon the pleadings, in the same manner as such questions would be raised had this court had original jurisdiction of the case." Scofield v. Excelsior Oil Co., et al, 20 O. C.C. (n. s.) 513.

The only language in the petition on which plaintiff claims that he states a cause of action is that he furnished certain materials and labor. Section 8,324, General Code, provides that:

"* * * A sworn and itemized statement of the amount and value of such labor performed, and to be performed, material, fuel or machinery furnished, containing a description of any promissory note, etc."

A lien is statutory. The statute has not been complied with, as there is no itemized statement made a part of the petition, nor is there a statement in the petition that such an affidavit and itemized statement were filed, as provided by law.

For the reasons stated, the demurrer to the petition will be sustained.

(Hamilton, PJ., and Mills, J., concur.)