The State, ex rel. First Natl. Bank of Toledo, *v.* Board of Education of Sylvania City School District.

[Cite as State, ex rel. Bank, v. Bd. of Edn., 4 Ohio App. 2d 258.]

(No. 6018—Decided November 24, 1965.)

*Messrs. Marshall, Melhorn, Block & Belt,* for relator.
*Messrs. Cline, Bischoff & Cook,* for respondent.

Straub, J.   This is an action for a writ of mandamus filed in this court by the First National Bank of Toledo, Toledo, Ohio, hereinafter referred to as the relator bank, against the Board of Education of Sylvania City School District of Lucas County, Ohio, hereinafter referred to as the respondent board. The petition prayed that a writ of mandamus issue by this court commanding the respondent board to make an award of all or part of its active moneys to the relator bank as a depository for its public funds.   The parties are not in dispute as to the facts and allegations of the petition and answer filed.   The relator bank made an application in writing to the respondent board, under the provisions of the Ohio Uniform Depository Act, to be designated as a depository for all or any part of the

active funds of the respondent board. Such application was rejected by the respondent board and an award was made by the respondent board of all its public funds to a banking institution located within the territorial limits of the respondent board's school district.

The answer filed by the respondent board alleges that the provisions of the Uniform Depository Act, Sections 135.01 to 135.23, inclusive, Revised Code, are not mandatory, and that, if such provisions are mandatory, the Act is unconstitutional. However, counsel for respondent board has made no issue of this allegation, either in the oral presentation before this court or in the briefs filed. The constitutionality of the Act is upheld by this court, and, further, the court finds that the provisions of the Uniform Depository Act are mandatory.

The respondent board admits that the relator bank has a branch office doing business within the territorial limits of the school district under the jurisdiction of the respondent board. The sole claim or defense presented by the respondent board is that the relator bank is not a qualified depository under the Ohio Uniform Depository Act for the reason that the main office of the relator bank is located in the city of Toledo, Lucas County, Ohio, outside the territorial limits of the subdivision of the Sylvania City School District. It is the contention of the respondent board that it was the intention of the Legislature that the public funds of a subdivision should be deposited in an eligible banking institution located in, and whose main office is in, such subdivision. In other words, it is the contention of the respondent board that merely by having a branch office located within the territorial limits of the subdivision of the Sylvania school district does not qualify the relator bank as an eligible depository of the public funds of the respondent board.

Section 135.04, Revised Code, a part of the Ohio Uniform Depository Act, designates what institutions are eligible under the Act to become depositories of public funds in the state of Ohio. This section provides that any national bank *located* in this state is an eligible institution as a depository of public funds. The respondent board admits that the relator bank is a national bank and is, therefore, an eligible depository under that section.

The second paragraph of Section 135.06, Revised Code, a part of the Uniform Depository Act, provides as follows:

"Any institution mentioned in Section 135.04 of the Revised Code, which has an *office* located within the territorial limits of a subdivision other than a county is eligible to become a public depository of the active public moneys of such subdivision. Any such institution which has an office in the county seat is eligible to become a depository of the active deposits of the moneys of the county. * * *" (Emphasis ours.)

Section 135.01, Revised Code, under Paragraph (K), which is the definition of the term "Capital Funds," provides, in part, as follows:

"* * * In the case of an institution having offices in more than one county, the capital funds of such institution, for the purpose of Sections 135.01 to 135.23, inclusive, of the Revised Code, relative to the deposit of the public moneys of each county and the subdivisions in such county, shall be considered to be that proportion of the capital funds of the institution which is represented by the ratio which the deposit liabilities of such institution originating at the office located in such county bears to the total deposit liabilities of the institution."

That part of Section 135.01 (K), Revised Code, read in conjunction with Sections 135.04 and 135.06, Revised Code, makes it convincingly clear that the Legislature was fully cognizant of the custom prevailing in the banking business, wherein a main office of a banking institution might be located in one county or one subvision of a county of the state and have branch banks and offices in other counties and other subdivisions of the state.

In interpreting the legislative intent in a statute or act, it is well established that the courts cannot read anything into, or read anything out of, the act, which is not within the manifest intention of the Legislature as gathered from the act itself. Also, it is established that the courts are to assume or presume that the language contained in a statute or act was used by the Legislature advisedly and intelligently to express the intention of the Legislature. Accordingly, words or terms used in a legislative enactment should be given their common, ordinary and accepted meaning.

In the sections of the Uniform Depository Act hereinbefore

quoted, the language and terms of these statutes are plain and unambiguous and convey a clear and definite meaning. Therefore, under these sections, the relator bank, being a national bank, is an eligible depository under the Act and, having an established banking office in the territorial limits of the subdivision of the respondent board, is entitled to be designated by the respondent board as a depository of the active public funds of the Sylvania School District. Therefore, the relator bank is entitled to be awarded for deposits such portion of the active moneys of the respondent board as such respondent board legally apportions among the eligible institutions making application therefor, as is provided under the Uniform Depository Act in Sections 135.10 and 135.01 (K), Revised Code.

This court, therefore, finds that the relator, First National Bank of Toledo, is entitled to the relief prayed for in the petition for mandamus and that such writ should issue.

*Writ allowed.*

Smith, P. J., and Brown, J., concur.