BANKS, F.D.B.A. GENERAL & SPECIALTY MINORITY CONTRACTORS & ASSOCIATES, APPELLANT, v. CITY OF CINCINNATI ET AL., APPELLEES.

(No. C-850211—Decided March 5, 1986.)

*C. Gregory Schmidt* and *Norman F. Hoover,* for appellant.

*Bauer, Morelli & Heyd Co., L.P.A.,* and *Nicholas Bauer,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

In the orders from which this appeal is taken, a judge of the court of common pleas dismissed three counts of a complaint pursuant to which a subcontractor

had sought to assert a mechanic's lien and to advance claims of unjust enrichment against two parties who were said to own certain real property that had been developed at the behest of the city of Cincinnati under the terms of a public improvements contract.[1] We must now determine, in response to the two assignments of error given to us for review, whether the allegations contained within the complaint, insofar as they pertain to theories of liability predicated upon a mechanic's lien or unjust enrichment, were properly held to preclude recovery under any set of facts, and to warrant the conclusion under Civ. R. 12(B)(6) that the subcontractor had failed to state claims upon which relief could have been granted under Ohio law.[2]

According to the record, it appears that the plaintiff-appellant, Emmett Banks, entered into a subcontract with Charles F. McCurdy, Inc. to furnish the labor and materials necessary for the installation of concrete curbs, sidewalks and driveways at the site of a public improvements project where McCurdy was serving as the general contractor under the terms of a separate agreement with the city of Cincinnati. As the work contemplated by the subcontract progressed, the parties found themselves locked in a dispute occasioned by McCurdy's refusal to pay Banks for his continuing services in periodic installments. Although the specific events that gave rise to the impasse are not entirely clear to us, the position taken by Banks to support his claim for payment under the subcontract is well-summarized in the following paragraphs of his complaint:

"(7) [P]ursuant to his Contract with Defendant, CHAS. F. McCURDY, INC. GENERAL CONTRACTORS, Plaintiff [Banks] commenced upon the performance of and did in fact perform all work required of him as specified by his Contract with Defendant * * * and under the auspices and supervision of Defendant, THE CITY OF CINCINNATI, OHIO.

"(8) [T]hereafter, in accordance with the terms of said Contract, Plaintiff demanded payment from Defendant CHAS. F. McCURDY, INC. GENERAL CONTRACTORS, in the amount of Thirty-One Thousand Two Hundred Ten * * * Dollars.

"(9) [T]he Defendant, CHAS. F. McCURDY, INC. GENERAL CONTRACTORS, paid to Plaintiff the sum of Fifteen Thousand * * * Dollars, but neglected and failed, after repeated demands, to pay to Plaintiff the sum of Sixteen Thousand Two Hundred Ten * * * Dollars.

"(10) Defendant, CHAS. F. McCURDY, INC. GENERAL CONTRACTORS, remains indebted to Plaintiff in the amount of Sixteen Thousand Two Hundred Ten * * * Dollars."

In addition to the claim for breach of contract asserted directly against the

---

[1] It should be noted that the orders of dismissal here at issue did not apply to all the claims for relief stated in Banks' complaint. The unaffected claims included one against Charles F. McCurdy, Inc. for breach of contract and two against the city of Cincinnati for damages arising from a separate incident.

[2] The resolution of this pivotal question must turn solely upon an assessment of the legal significance of what appears in Banks' complaint. Accordingly, we have carefully avoided any consideration of the evidentiary materials that have found their way into this record. To rely, either on appeal or at trial, on matters outside the pleadings as a basis for the dismissal of all or any part of a complaint under Civ. R. 12(B)(6) is, as Banks has pointed out to us, clearly inappropriate. In the absence of any persuasive indication to the contrary, we must assume that the trial court understood the limits of its inquiry when, by the terms of its own orders, it predicated the dismissals in this case only upon the motions and memoranda submitted by the parties, the pleadings of Banks, and the arguments of counsel.

general contractor, McCurdy, Banks attempted to pursue relief in the court below against the city of Cincinnati and the Kroger Company, both of which were alleged to have an ownership interest in the property where Banks had performed his work. Despite the absence of a contractual relationship with either of the alleged owners, the subcontractor maintained that they stood exposed to indirect liability in two respects as a consequence of McCurdy's refusal to honor Banks' demands for payment. The first theory of liability derived from R.C. Chapter 1311 and was rooted specifically in the allegation that Banks had acquired an enforceable mechanic's lien on the property owned by Kroger and the city to secure full payment for the labor and materials that had been expended to complete the site improvements. The second theory depended, in turn, upon the assertion that Kroger and the city had been unjustly enriched to the extent that they had received the benefit of the property improvements without providing reasonable compensation to the party whose labors had actually produced them.

Where, as here, a subcontractor is not paid in full for work performed as a by-product of a public improvements contract, the subcontractor's right to obtain relief on the basis of a mechanic's lien from parties other than the general contractor is defined exclusively by statute. To assert a valid lien, the subcontractor must, in the first instance, comply with the following procedural requirements set forth in R.C. 1311.26:

"Any subcontractor * * * who has performed labor or furnished material * * * for the construction, improvement, or repair of any turnpike, road improvement, sewer, street, or other public improvement * * * provided for in a contract between the owner or any board, officer, or public authority and a principal contractor, and under a contract between such subcontractor * * * and a principal contractor, at any time, not to exceed four months from the performance of the labor or the delivery of the * * * material, may file with the owner, board, officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and material * * * furnished, stating when the last of such labor was performed and when the last of such material * * * was furnished * * *. Proof that such sworn and itemized statement was mailed by registered letter to the address of the owner, board, or officer, is prima-facie evidence of the filing thereof with the owner, board, or officer."

In the case *sub judice,* Banks attached to his complaint a copy of the sworn and itemized statement that he had allegedly submitted to the property owners in the manner required by R.C. 1311.26. As it now appears in the record, the statement is plainly deficient in at least two material respects. Not only does it lack any itemized accounting of the labor and materials furnished by Banks to support his claim for payment, but it also fails to disclose that Banks had, in fact, been paid almost half the amount he claimed was due for the work performed pursuant to his subcontract with McCurdy. In view of these defects, which are, without question, apparent on the face of Banks' own pleadings, we must conclude that the subcontractor had failed to preserve effectively his lien rights in the manner prescribed by statute, and that his complaint, to the extent that it endeavored to assert a mechanic's lien, did not state a claim upon which relief could have been granted under Ohio law. See *Brennemann* v. *Brown* (1928), 30 Ohio App. 84, 163 N.E. 921 (holding that the failure to submit an itemized statement in accordance with mandatory statutory requirements precludes relief as a matter of law on the basis of a mechanic's lien).

With respect to the dismissal of Banks' separate claims for relief on the basis of unjust enrichment, our analysis is somewhat different, but the result is the same. As a preliminary matter, we note that the courts of various jurisdictions have differed to some extent in their treatment of a subcontractor's right to recover against a property owner under the quasi-contractual theory of unjust enrichment. In some cases, it has been suggested that the only legal remedy available to the subcontractor is the assertion of a statutory mechanic's lien, see, *e.g.,* Annotation (1975), 62 A.L.R. 3d 288, 297-303, but this does not appear to be true in Ohio. In this state, the General Assembly has specifically provided in the realm of public improvements that the lien remedies afforded by statute do not preclude the collection of a subcontractor's claim in any manner in which the claim may otherwise be lawfully collected. R.C. 1311.311. For this reason, we are persuaded, at least as a matter of general principle, that a subcontractor may pursue unjust enrichment as a theory of liability against a property owner in an appropriate case, even if the subcontractor has initially failed in law to preserve his rights under a statutory mechanic's lien. *Kazmier* v. *Thom* (1978), 63 Ohio App. 2d 29, 17 O.O. 3d 237, 408 N.E. 2d 694; *G & G Langenbrunner, Inc.* v. *Dennis Construction Co.* (M.C. 1984), 21 Ohio Misc. 2d 11, 21 OBR 451, 488 N.E. 2d 506. See, also, *Janell, Inc.* v. *Woods* (1980), 70 Ohio App. 2d 216, 24 O.O.3d 266, 435 N.E. 2d 1138.

Our recognition of the potential for relief in Ohio apart from a mechanic's lien does not, however, lead us to conclude that this is an appropriate case for the pursuit of damages on a theory of unjust enrichment. Where, as here, it is admitted in the complaint that the principal contractor was paid in full for all performance rendered at the construc-

tion site, and that the consideration extended to the improvements resulting from the subcontractor's work, it cannot be said in law that a tangible benefit was ultimately conferred upon the property owner by the absence of the reasonable compensation necessary to prevent unjust enrichment. See *Pendleton* v. *Sard* (Me. 1972), 297 A. 2d 889; *Paschall's Inc.* v. *Dozier* (Tenn. 1966), 407 S.W. 2d 150. It is our view, therefore, that Banks' complaint failed to state cognizable claims of unjust enrichment under Ohio law to the same extent that it failed to assert a valid mechanic's lien. The two assignments of error given to us for review are, accordingly, without merit.

We affirm the judgment of the court of common pleas.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and KLUSMEIER, JJ., concur.