**Pioneer Asphalt v. Cleveland**
*[Cite as 2 AOA 354]*

*Case No. 56641*
*Cuyahoga County, (8th)*
*Decided March 1, 1990*

*R.C. 1311.26*

*Robert M. Lustig, 615 Leader Building, Cleveland, OH 44114, For plaintiff-appellee.*

*Nick Tomino, Director of Law, Harold C. Reeder Assistant Director of Law Room 106, City Hall, 601 Lakeside Avenue, Cleveland, OH 44114, For defendant-appellant.*

PATTON, C.J.,

This is an appeal from the granting of summary judgment in favor of a materialman on a public project against the public authority to recover for materials supplied, under the mechanic's lien provisions of Sections 1311.26-1311.32 of the Ohio Revised Code. The materialman, Pioneer Asphalt & Aggregate Sales, Inc., the plaintiff-appellee ("Pioneer") herein brought an action that, *inter alia,* sought to enforce a mechanic's lien against funds held by the City of Cleveland, the defendant-appellant herein ("the City"). The trial court granted summary judgment against the City in the amount of $14,520.82 and a timely appeal was perfected to this court.

The City is the owner of premises known as Latin Park and Groton Park. The City awarded a public improvements contract to a general contractor, Jorge L. Pla and Associates, Inc. ("Pla"), a co-defendant in the action below. This contract was for the public improvement of three parks, Latin, Groton and Warner. There was a single fund for payment of all work done by Pla. Pioneer contracted with Advance Asphalt Paving Co. ("Advance"), a subcontractor of Pla, to supply materials which were required by the original contract between the City and Pla. The balance allegedly due Pioneer form Advance for materials furnished is $14,520.82, which sum represents materials worth $2,556.18 for Latin Park and $11,964.64 for Groton Park.

Advance filed a petition for bankruptcy in the United States Bankruptcy Court. The court vacated and annulled the automatic stay provision of 11 U.S.C §362 to permit Pioneer to foreclose and enforce its mechanic's lien and/or attested accounts including the claims for amounts owing from Latin and Groton Parks.

Pursuant to R.C. 1311.26, Pioneer, as lien claimant timely filed with the City sworn and itemized statements each for the Groton Park and Latin Park projects for the amount and value of the materials furnished to Advance. The City received the sworn and itemized statements, which were mailed separately, certified mail, return receipt requested. The City apparently did not realize that Pioneer had filed two different itemized statements and retained only one of the statements. The retained statement represented the amount due for Latin Park, $2,556.18. The City assumed that the Groton Park itemized statement was simply a copy of the Latin Park statement. Pioneer initiated the underlying action against the City, Pla and Advance to perfect a lien on the sum of $14,520.82. The City was holding funds in the amount of approximately $16,500.00 at the time the attested accounts were served.

The City raises two assignments of error:

I. THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE UNDISPUTED RECORD DISCLOSED THAT THE PROCEDURAL REQUIREMENTS SET FORTH IN THE MECHANIC'S LIEN PROVISIONS OF OHIO REVISED CODE SECTIONS 1311.26-1311.32 WERE NOT COMPLIED WITH.

II. THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THE EVIDENTIARY MATERIALS FILED BY THE MOVING PARTY ALONG WITH ITS MOTION FOR SUMMARY JUDGMENT FAILED TO ESTABLISH AN ABSENCE OF GENUINE ISSUES OF MATERIAL FACT.

### I.

In its first assigned error, the City complains that the trial court erred in granting Pioneer's motion for summary judgment. Specifically, the City contends that Pioneer did not comply with the procedural requirements of R.C. 1311.26 in asserting a valid mechanic's lien, since two sworn and itemized statements were filed, not just one. This contention is without merit.

R.C. 1311.26 provides:

"Any subcontractor, materialman, laborer, or mechanic, who has performed labor or furnished material, fuel, or machinery, or who is performing labor or furnishing material, fuel, or machinery for the construction, alteration, removal, or repair of any property, appurtenance, or structure, described in sections 1311.02 and 1311.03 of the Revised Code, or for the construction, improvement, or repair of any turnpike, road improvement, sewer, street, or other public improvement, or public building provided for in a contract between the owner or any board, officer, or public authority and a principal contractor, and under a contract between such subcontractor, materialman, laborer, or mechanic and a principal contractor or subcontractor, at any time, not to exceed four months from the performance of the labor or the delivery of the machinery, fuel, or material, may file without the owner, board, officer, or the authorized clerk or agent thereof, *a sworn and itemized statement* of the amount and value of such labor performed and material, fuel, or machinery furnished, stating when the last of such labor was performed and when the first of such material, fuel, or machinery was furnished, contained a description of any promissory notes that have been given by the principal contractor or subcontractor to the lien claimant on account of the labor, machinery, or material, or any part thereof, with all credits and setoffs thereon, and stating the post-office address of the claimant. Proof that such sworn and itemized statement was mailed by registered letter to the address of the owner, board, or officer, is prima-facie evidence of the filing thereof with the owners, board or officer. (Emphasis added).

When a materialman is not paid in full for work performed as a by-product of a public improvements contract, the right of the materialman to obtain relief on the basis of a

mechanic's lien from parties other than the general contractor is exclusively defined by statute. *See Banks* v. *Cincinnati* (1986), 31 Ohio App. 3d 54, 56. To assert a valid lien, the materialman must comply with the procedural requirements set forth in R.C. 1311.26. *Id.*

The contested issue in the City's first assigned error is in the interpretation of the isolated phrase, "*** *a* sworn and itemized statement ***." The City interprets the phrase to mean only one statement is permitted by statute. Since Pioneer submitted two itemized statements, one for Latin Park and the other for Groton Park, the City argues that the mandatory requirements were not complied with. Therefore, resolution of this issue turns upon statutory construction.

It is an axiom of judicial interpretation that statutes be construed to avoid unreasonable, ridiculous or absurb consequences. *State, ex rel. Dispatch Printing Co.* v. *Wells* (1985), 18 Ohio St. 3d 382, 384; see, also, *In re Little Printing Co.* (1983), 4 Ohio St. 3d 214, 216. We believe the City's argument is a strained interpretation of the phrase which, if accepted, would result in ridiculous results and produce absurd consequences.

Moreover, courts may presume that the language contained in the statute was used by the legislators intelligently to express their intent. *State ex rel. Bank* v. *Bd. of Edn.* (1965), 4 Ohio App. 2d 258, 260. If the drafters of R.C. 1311.26 intended the mandatory requirements to include the filing of only *one* sworn and itemized statement, instead of "*a* sworn and itemized statement, they would have so stated.

The City's reliance of *France Slag Co.* v. *Warrick* (1919), 100 Ohio St. 56, is misplaced. *Warrick* can be distinguished from this case on the facts and on the arguments contained therein. In *Warrick*, the materialman supplied materials for the improvements of two different roads, but filed a single sworn and itemized statement. The statement failed to identify what materials had been supplied to which road. The funds to pay for the improvements were provided from separate and independent sources. There was no way to ascertain from the single statement what materials were chargeable to which road so the lien was held invalid.

In this case, the City acknowledged maintaining four different sub-accounts for the three park improvement projects under a single contract. Therefore, it was appropriate for Pioneer to submit two sworn and itemized statements with respect to the Latin and Groton

Park projects. Had Pioneer filed a single statement, without clearly delineating the materials supplied, this case would be more in line with *Warrick, supra.*

Accordingly, the City's first assigned error is overruled.

II.

In their second assignment of error, the City contends that the trial court erred in granting summary judgment on behalf of Pioneer. Specifically, they argue that genuine issues of material fact exist regarding; (1) whether Pioneer actually supplied certain materials to Advance, and if so; (2) the amount of the materials supplied.

This court, in reviewing the granting of summary judgment, must follow the standard set forth in Civ. R. 56(C), which provides that before summary judgment may be granted, it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274." *Stegawski* v. *Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App. 3d 78, 82. Moreover, the party seeking summary judgment bears the burden of showing, through evidentiary materials, that no genuine issue of material fact exists for trial. *Buemi* v. *Mutual of Omaha Ins. Co.* (1987), 37 Ohio App. 3d 113, 115 citing *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. If the moving party successfully establishes the absence of a genuine issue of material fact, summary judgment must be granted. *Buemi, supra* citing *Rodger* v. *McDonald's Restaurant of Ohio, Inc.* (1982), 8 Ohio App. 3d 256.

Civ. R. 56(C) sets forth the types of documents which may be used to support a motion for summary judgment. The rule provides in relevant part that:

"* * * The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admission, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. ***"

Importantly, "*** the nonmoving party as a burden of rebuttal to supply evidentiary materials supporting his position, when the moving party presents evidentiary materials which deny that claim. [citation omitted]" *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 275. " In [this] situation, the nonmoving party cannot rely on bare pleadings unsupported by evidentiary material. Civ. R. 56(E); [citation omitted]" *Id.*

Attached to Pioneer's motion for summary judgment were the two itemized statements, with cover letters to the City, various pleadings, a letter to the City from Pioneer's attorney requesting a response as to the amount the City was holding in its fund for the park projects and a letter from the City advising that $16,500.00 was in the holding fund for the park projects.

The City's rebuttal evidence in its brief in opposition consisted of an affidavit of the commissioner of accounts for the City of Cleveland. The affidavit does not dispute the $11,964.64 figure, but in fact admits it made a mistake in not realizing that two itemized statements were filed for two different amounts. The City retained the statement for $2,556.18 but did not retain the $11,964.64 statement. The affidavit then states that "The City paid all of the money due the general contractor [Pla] without realizing Pioneer *** had submitted two different itemized statements to the City." The affidavit did not set forth specific facts showing that there is a genuine issue for trial. The rebuttal evidence was insufficient as it did not create a genuine issue of material fact with regard to Advance's receipt of certain materials supplied by Pioneer in the amount of $11,964.64.

Accordingly, the judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.

*Judgment affirmed.*

JOHN V. CORRIGAN, J.
DYKE, J. Concur