**MANDELL–VASQUEZ, INC.**

v.

**UNIVERSITY OF TOLEDO et al.**

Court of Claims of Ohio.

No. 91–11418.

Decided May 3, 1993.

*Victor J. Gonzalez,* for plaintiff.

*Lee Fisher,* Attorney General, and *Gregg H. Bachmann,* Assistant Attorney General, for defendants.

RUSSELL LEACH, Judge.

On January 13, 1993, the trial in the above-captioned case was vacated. The parties agreed on the evidence and submitted briefs in support of their respective positions.

Plaintiff and defendants submitted their briefs on March 17 and April 2, 1993, respectively.

F.C. Biebesheimer & Sons, Inc. ("Biebesheimer") entered into a contract with defendants, Department of Administrative Services and the University of Toledo, to provide heating, ventilation, and air conditioning for the Glass Bowl Improvements Project at the University of Toledo. Defendants had a contractual relationship with Biebesheimer. Plaintiff, Mandell–Vasquez, Inc., as a subcontractor to Biebesheimer, had a contractual relationship only with Biebesheimer, not defendants.

Biebesheimer filed for bankruptcy protection. Plaintiff is seeking the monies Biebesheimer owed it on its contract with Biebesheimer. Defendants satisfied their contract with Biebesheimer.

The court finds that defendants and plaintiff never had a contractual relationship and the mechanism for plaintiff to protect its interests is by filing an attested account pursuant to R.C. 1311.26. Plaintiff has failed to use this mechanism. Therefore, failure to file the attested account affidavit precludes recovery based upon a lien theory of recovery. *Banks v. Cincinnati* (1986), 31 Ohio App.3d 54, 31 OBR 94, 508 N.E.2d 966; *Duellman Elec. Supply Co. v. Cleveland State Univ.* (Apr. 30, 1992), Ct. of Cl. No. 90–01125, unreported.

Plaintiff asserts that it did not file a mechanics lien because payments were made by Biebesheimer on a regular basis and the statutory time for filing the lien had passed. The court finds that as between plaintiff and defendants, plaintiff

was in the best position to protect its rights and the loss should be borne by plaintiff.

■ Plaintiff's claim for unjust enrichment must also fail, since plaintiff's equity is not superior to defendants'. *Cincinnati v. Fox* (1943), 71 Ohio App. 233, 26 O.O. 61, 49 N.E.2d 69. Defendants paid for the services of plaintiff without any notice that plaintiff had not been paid.

■ Plaintiff also asserts that it should be paid out of the performance bond.

R.C. 153.54 provides in part:

"If the bidder enters into the contract, the bidder shall, at the time he enters into the contract, file a bond for the amount of the contract to *indemnify the state,* political subdivision, district, institution, or agency against all damage suffered by failure to perform the contract according to its provisions and in accordance with the plans, details, specifications, and bills of material therefor *and to pay all lawful claims of subcontractors,* materialmen, and laborers for labor performed or material furnished in carrying forward, performing, or completing the contract; and agree and assent that this undertaking *shall be for the benefit of any subcontractor,* materialman, or laborer having a *just claim,* as well as for the state, political subdivision, district, institution, or agency." (Emphasis added.)

A determination of liability on the bond does not state a claim upon which relief could be granted by this court, since such a claim would have to be brought against the surety.

Based upon the above, judgment is rendered for defendant.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.