OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Crock Construction Company et al., Appellees, v. Stanley Miller Construction Company, Appellant, et al.
[Cite as Crock Constr. Co. v. Stanley Miller Constr. Co. (1993),     Ohio St.3d    .]
Public improvements -- Subcontractor's right to relief from property owner -- Mechanic's lien -- Relief precluded, when -- Failure to comply with requirements of former R.C. 1311.26 -- "Sworn and itemized statement of the amount and value" provision in former R.C. 1311.26, construed.
     (Nos. 92-1018 and 92-1389 -- Submitted April 21, 1993 -- Decided June 30, 1993.)
     Appeal from and Certified by the Court of Appeals for Noble County, No. 206.
     Defendant-appellant Stanley Miller Construction Company ("Miller Construction") was the general contractor on the Caldwell School Project, a public works project in Noble County.  Bill Brock Construction Company ("Brock Construction") was a subcontractor on the project.  Plaintiffs-appellees Crock Construction Company ("Crock Construction") and Caldwell Lumber and Supply Company ("Caldwell Lumber") performed work and supplied materials and equipment on the project under an agreement with Brock Construction.  Although Brock Construction made some payments to appellees during the early stages of work on the project, Brock Construction was never current in its payments and subsequently withdrew from the project.  When Brock Construction withdrew, it owed money to appellees for work already performed and materials already supplied.  The parties agree that Miller Construction had paid Brock Construction, but Brock Construction failed to pay appellees the sums owing to them.
     Appellees filed a sworn statement to obtain a mechanic's lien in the amount of $34,548.94 with the Board of Education for the Caldwell Exempted Village School District, pursuant to former R.C. 1311.26.  The disputed sum was placed in an escrow account, as required by R.C. 1311.28, at the Caldwell Savings & Loan Company.  Appellees also filed a copy of the statement with the Noble County Recorder's Office, as provided in R.C. 1311.29.

Appellees brought an action in the Court of Common Pleas of Noble County, seeking, inter alia, to collect on the mechanic's lien. Because the mechanic's lien was on a public works project, it was governed by R.C. 1311.26 through 1311.32, as those statutes existed at that time. The trial court found that Miller Construction was entitled to judgment as a matter of law, due to appellees' failure to comply with R.C. 1311.26. Specifically, the trial court ruled that the mechanic's lien statement filed by Crock Construction and Caldwell Lumber did not itemize the amounts and values of work performed and materials and equipment supplied, and that the two plaintiffs filed a combined statement which did not show the amount owed to each separate entity. The court granted appellant's motion for summary judgment, dismissed the complaint, and ordered the mechanic's lien stricken from the public records.

Plaintiffs appealed the decision to the court of appeals, which reversed the trial court and remanded the cause for further proceedings. The appellate court held that plaintiffs' failure to itemize did not preclude recovery on the mechanic's lien, and that proof could be presented at trial to establish the actual itemization of labor performed and materials and equipment supplied. The appellate court also held that the amount owed to each separate plaintiff could be determined at trial.

The court of appeals, finding its judgment to be in conflict with the judgment of the Court of Appeals for Hamilton County in Banks v. Cincinnati (1986), 31 Ohio App.3d 54, 31 OBR 94, 508 N.E.2d 966, certified the record of the case to this court for review and final determination (case No. 92-1389). The cause is also before this court pursuant to an allowance of a motion to certify the record (case No. 92-1018).

Yoss & Hampton and Richard A. Yoss, for appellees.
Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Russ Kendig and Susan A. Carson, for appellant.

Alice Robie Resnick, J. This case requires us to construe the provision of former R.C. 1311.26 which specified that a "sworn and itemized statement of the amount and value" of labor performed and material or machinery furnished be filed when seeking a mechanic's lien in connection with a public works project.1 (Emphasis added.)

The principal issue to be addressed is whether the sworn statement filed by appellees was insufficient, as a matter of law, to establish a mechanic's lien. The trial court found the statement to be insufficient, due to the failure to itemize, and granted appellant's Civ.R. 56(C) motion for summary judgment, determining that no genuine issue of material fact existed and appellant was entitled to judgment as a matter of law. The court of appeals, in reversing the trial court, found that the lack of itemization was not fatal to the assertion of a mechanic's lien, concluding that appellant was not entitled to judgment as a matter of law. We thus begin our consideration by examining what "itemized" means in this context.

Black's Law Dictionary (6 Ed.1990) 833, defines "itemize" as "[t]o set down by items. To state each item or article

separately."  Applying this definition, in order for a statement of the amount and value of labor performed and material or machinery furnished to be itemized, the statement should set forth in some detail the separate instances in which labor was performed, and should also set forth in some detail a list of the material or machinery furnished.  The portion of the sworn statement filed by appellees which is relevant to our inquiry contained the following information:

"Material charges from 5/8 to 11/14 $ 86,513.94
"Equipment charges from 4/1 to 11/14 120,853.10
"Rec'd payment (5/30/86)                  11,500.00-
"Rec'd payment (8/4/86)                   50,000.00-
"Rec'd payment (8/28/86)                  35,803.10-
"Rec'd payment (10/23/86)                 59,000.00-
"Total amount due from Brock Const.   51,063.94
"Amount due from Plumbsng [sic]
 Contractors                             16,515.00-
"Amount due from Miller for Brock   $ 34,548.94"

It is apparent that the charges listed for material and equipment are not itemized.  No attempt has been made to set forth separately each item involved pertaining to material and equipment furnished.  Material charges are lumped together, with no elaboration, and set forth as one sum, covering the period from May 8 to November 14.  Equipment charges likewise are lumped together, without elaboration, and set forth as one sum, covering the period from April 1 to November 14.  It is impossible to determine from these figures the "amount and value" of material and equipment supplied, in any other than the most general way.  Furthermore, it is unclear which payments received were applied to which charges.  Even though appellees continue to argue that the sworn statement was itemized, we agree with the trial court and the court of appeals that appellees failed to itemize in accordance with R.C. 1311.26.

We proceed to the specific issue to be determined, which is:  What is the consequence of a failure to itemize?  In concluding that a failure to itemize was not fatal to appellees' cause of action based on the mechanic's lien, the court of appeals determined that R.C. 1311.26 should be liberally construed, in the same way that former R.C. 1311.24 (now R.C. 1311.22) required a liberal construction of former R.C. 1311.01 to 1311.24 (now R.C. 1311.01 to 1311.22).  The court of appeals held that, because former R.C. 1311.24 (now R.C. 1311.22) provided that "substantial compliance *** is sufficient for the validity of" a mechanic's lien, "technical objections are disfavored."  The court of appeals decided that proof could be presented at trial to correct the failure to itemize.

The interpretation given by the court of appeals to the provisions of R.C. 1311.26 is not consistent with prior case law established by this court.  In Robert V. Clapp Co. v. Fox (1931), 124 Ohio St. 331, 178 N.E. 586, paragraph one of the syllabus, this court held:  "Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created."  See, also, C.C.

Constance & Sons v. Lay (1930), 122 Ohio St. 468, 469, 172 N.E. 283 (The statutory steps to establish a mechanic's lien must be followed, "and in that respect the law is strictly construed and applied.").

In a decision consistent with the holdings of Robert V. Clapp Co. and C.C. Constance & Sons, the Court of Appeals for Hamilton County, in Banks, supra, 31 Ohio App.3d 54, 31 OBR 94, 508 N.E.2d 966, held at paragraph one of the syllabus:  "To assert a valid mechanic's lien against a property owner for work performed as a by-product of a public improvements contract, a subcontractor must comply with the procedural requirements set forth in R.C. 1311.26.  Failure to submit an itemized statement in accordance with these mandatory statutory requirements precludes relief as a matter of law on the basis of a mechanic's lien."

We approve of the approach of Banks on this issue.  We hold that the failure to comply with former R.C. 1311.26's requirement of an itemized statement of the amount and value of labor performed and material, fuel, or machinery furnished precludes relief as a matter of law on the basis of a mechanic's lien.[2]

Appellant also argues that appellees' filing of a combined statement which did not indicate which charges were applicable to each company should have precluded recovery on the mechanic's lien.  Because we hold that the mechanic's lien was invalid due to the failure to itemize, we do not separately address this contention.  However, we do observe that a properly itemized statement would have indicated the "amount and value" of the charges asserted by each company.[3]

Appellees' failure to file an itemized sworn statement precluded the right to recover on the mechanic's lien, as a matter of law.  The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

                                    Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas and F.E. Sweeney, JJ., concur.

Wright and Pfeifer, JJ., dissent.

FOOTNOTES:
1  Former R.C. 1311.26 provided, in pertinent part:

"Any subcontractor, materialman, laborer, or mechanic, who has performed labor or furnished material, fuel, or machinery, or who is performing labor or furnishing material, fuel, or machinery for the construction, alteration, removal, or repair of any property, appurtenance, or structure, described in sections 1311.02 and 1311.03 of the Revised Code, or for the construction, improvement, or repair of any turnpike, road improvement, sewer, street, or other public improvement, or public building provided for in a contract between the owner or any board, officer, or public authority and a principal contractor, and under a contract between such subcontractor, materialman, laborer, or mechanic and a principal contractor or subcontractor, at any time, not to exceed four months from the performance of the labor or the delivery of the machinery, fuel, or material, may file with the owner, board, officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and

material, fuel, or machinery furnished, stating when the last of such labor was performed and when the last of such material, fuel, or machinery was furnished, containing a description of any promissory notes that have been given by the principal contractor or subcontractor to the lien claimant on account of the labor, machinery, or material, or any part thereof, with all credits and setoffs thereon, and stating the post-office address of the claimant. ***" Am.Sub.H.B. No. 77, 130 Ohio Laws 349.

R.C. 1311.26 was amended, effective April 10, 1991. The amended version provides, in pertinent part:

"Any subcontractor, materialman, or laborer who is performing or has performed labor or work or is furnishing or has furnished material for any public improvement provided for in a contract between the public authority and a principal contractor, and under a contract between the subcontractor, materialman, or laborer and a principal contractor or subcontractor, at any time, not to exceed one hundred twenty days from the performance of the last labor or work or furnishing of the last material, may serve the public authority an affidavit stating the amount due and unpaid for the labor and work performed and material furnished, when the last of the labor or work was performed and when the last of the material was furnished with all credits and setoffs thereon, and the post-office address of the claimant." Am.Sub.H.B. No. 238, 143 Ohio Laws, Part III, 3676, 3716.

We note that current R.C. 1311.26 now refers to an affidavit to be served, rather than a statement to be filed, and does not use the word "itemized" to describe the contents of the affidavit to be served.

2  Former R.C. 1311.26 provided that one seeking a mechanic's lien "may" file a sworn and itemized statement. An argument could be made that the word "may" indicates that the sworn and itemized statement is not mandatory. However, a thoughtful reading of former R.C. 1311.26 leads to the conclusion that the statute's purpose is to set out the steps to be taken if a mechanic's lien is to be established. Assuming arguendo that the word "may" did indicate that the sworn and itemized statement was not mandatory, no statement at all would need to be filed. But, if no statement were filed, obviously no mechanic's lien could be established. It is apparent that the discretionary connotations of the word "may" go to what must be done if a mechanic's lien is desired, not to the question whether the specific steps enumerated are mandatory.

3  In a somewhat related regard, applicable to laborers only, R.C. 1311.26 now provides:

"One or more laborers may authorize an agent to prepare, execute, file, and serve the affidavit required by this section. The affidavit may set forth the claims of one or more laborers, provided that the affidavit separately itemizes the claim of each laborer and may set forth claims for wages that are contractually due but are unpaid." (Emphasis added.)

Wright, J., dissenting. The flaw in the majority opinion is that it follows the law as set forth in Black's Law Dictionary rather than as provided by Ohio statute.

I agree that if former R.C. 1311.26 had been hinged on the Black's definition of "itemize," the information in the lien

filed by Crock Construction probably would have been insufficient.  R.C. 1311.26, however, unlike the Black's definition, does not require parties seeking liens to "set down by items.  To state each item or article separately."

It seems to me that the statute itself explained what the General Assembly meant by "itemize."  To itemize meant to include a "statement of the amount and value of such labor performed, and material, fuel, or machinery furnished, stating when the last of such labor was performed and when the last of such material, fuel, or machinery was furnished."  My examination of the statement filed by Crock Construction satisfies me that it included the necessary information.  It included the different labor, material, and equipment charges and the dates on which those charges accrued.  Most important, the statement clearly informed Stanley Miller of its total alleged liability.

I believe that it is clear that the General Assembly intended R.C. 1311.26 to be strictly construed.  But I cannot accept the proposition that the General Assembly intended for this court to give subcontractors more paperwork, more red tape, and more headaches than the plain language of the statute required.  The legislature balanced the need for certain information with the burden that producing such information places on small businesses.  Today the court has disturbed that balance without articulating a single reason for doing so.

We, as judges, should follow a simple rule:  before we look to legal dictionaries, and treatises, and law reviews for guidance, we should look at the words of the statute under consideration.  In this case, a majority of this court erred by looking at a dictionary definition instead of carefully examining the language of the statute.

I respectfully dissent.

Pfeifer, J., concurs in the foregoing dissenting opinion.