OPINION
Defendant-appellant Tri Village Church of Christ appeals the April 8, 1998 Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Wickford Metal Products and denying appellant's cross-motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE
On November 10, 1995, appellant entered into a contract with Pauley Construction wherein Pauley would perform general contractor services for the construction of a church on behalf of appellant. The contract provided the worship facility would be constructed over a period of seven months for a total cost of $852,650. Additionally, payments to the general contractor would be made in installments upon Pauley's application and upon certification and approval by an independent architect, James Calhoun.
By July 12, 1996, Pauley had completed substantial work on the new church. Architect Calhoun approved and certified four draw requests, totaling $321,365.05, for work completed through June 30, 1996. Appellant paid Pauley the requisite amounts.
On or about June 27, 1996, appellee submitted a bid to Pauley to perform the fabrication and installation of certain steel structures for the worship facility. Pauley subsequently accepted appellee's bid. In August and September, 1996, appellee fabricated and installed the steel structures in accordance with the terms of its agreement with Pauley. On August 15, 1996, and September 17, 1996, appellee invoiced Pauley a total of $25,500 for the work and materials supplied.
On or about October 2, 1996, Pauley submitted an application and certificate for payment for the period ending September 30, 1996 (hereinafter "draw no. 5"). The total amount submitted for draw no. 5 was $87,531.10. Architect Calhoun recommended appellant withhold $58,328, but approved $29,203 of the request. Calhoun further certified Pauley had breached the terms of the contract. Subsequently, appellant terminated the contract with Pauley and hired a new general contractor, Roman Mullett, Jr., to complete the project for a sum of $571,624. Appellant paid neither Pauley nor appellee the $29,203 of draw no. 5 approved by architect Calhoun. Appellant paid $20,742.52 directly to subcontractors of Pauley who held mechanic's liens on the property. Roman Mullett, Jr. did not use appellee as a subcontractor and did not submit an invoice for any of the work done or materials provided by appellee.
On July 28, 1997, appellee filed a complaint against appellant on the theory of unjust enrichment. Appellant filed a timely answer asserting five defenses, including appellee's failure to protect itself pursuant to R.C. 1311.01, and appellant's payment for the project in excess of the original contract price. On February 17, 1998, appellant filed a Motion for Summary Judgment. On March 17, 1998, appellee filed a memorandum in opposition to appellant's motion and a cross-motion for summary judgment.
Via Decision dated April 8, 1998, the trial court granted summary judgment in favor of appellee finding, "It would, indeed, be unjust to permit [appellant] to pick and choose who it decided to pay and for what services to the detriment of [appellee] who dealt in good faith with [appellant] and did everything required of it." April 8, 1998 Decision. The trial court further found the action was not prohibited by appellee's failure to invoke the Ohio Mechanic's Lien Statute and appellee could proceed with an unjust enrichment claim regardless of such failure. The trial court memorialized its decision via Judgment Entry dated April 20, 1998.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT WAS UNJUSTLY ENRICHED BY APPELLEE.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 SUMMARY JUDGMENT STANDARD OF REVIEW
Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 I
In its first assignment of error, appellant maintains the trial court erred in determining it was unjustly enriched by appellee. Specifically, appellant contends the trial court incorrectly determined appellant received a benefit from appellee for which it had not paid, incorrectly determined appellee was entitled to equitable relief, and failed to consider the public policy effects of its decision.
Initially, we note appellee's failure to preserve its rights under a statutory mechanic's lien pursuant to Revised Code Chapter 1311 does not preclude its pursuing an unjust enrichment claim as a theory of liability against appellant. See, Banks v. City ofCincinnati (1986), 31 Ohio App.3d 54, 57; Fairfield Ready Mix v.Walnut Hills Assoc., Ltd. (1988), 60 Ohio App.3d 1, 3; Ross-CoRedi Mix Co. v. Steveco, Inc. (Feb. 6, 1996), Pickaway App. No. 95CA3, unreported.
Next, we must determine whether appellee established the requisite elements of unjust enrichment. In order to recover under a theory of unjust enrichment or quasi-contract, a plaintiff must prove by a preponderance of the evidence:
 (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) for him to retain that benefit under circumstances where it would be unjust for him to retain that benefit without payment.
 Hambleton v. R.C. Barry Corp. (1984), 12 Ohio St.3d 179, 183. See, also, Hummel v. Hummel (1938), 133 Ohio St. 520, 525.
In the instant appeal, appellant argues appellee cannot prove the third element of unjust enrichment. Appellant maintains appellee failed to demonstrate appellant retained the steel products under circumstances in which it would be unjust for appellant to do so without payment. The crux of appellant's arguments is the evidence shows it paid in excess of the contract price for the completion of the project and it paid Pauley all amounts the general contractor was entitled to under the terms of the contract. Appellant relies on Steel Quest v. City MarkConstr. Serv. (Oct. 31, 1997), Hamilton App. No. C-960994, unreported, in support of its position it was not unjustly enriched.
In Steel Quest, supra, the First District Court of Appeals stated:
 Courts in various jurisdiction have debated whether a subcontractor should be able to recover against a property owner, with whom there is no privity of contract, under a theory of unjust enrichment. Some courts have concluded that the only legal remedy available to the subcontractor is a mechanic's lien. (Citations omitted). However, this court has held that a subcontractor may pursue a claim of unjust enrichment against a property owner even if the subcontractor has failed to properly preserve its rights under a mechanic's lien. (Citation omitted). However, we have also held that if the owner has paid the general contractor in full for all performance rendered at the construction site, the owner has not received a benefit for which it has not paid. Consequently, the owner has not been unjustly enriched. (Citations omitted).
Id. (Emphasis added).
Upon reviewing the record in the case sub judice, we find the evidence is unrefuted appellant did not pay Pauley the full amounts due under the contract. Architect Calhoun approved $29,203 of the $87,531.87 requested in draw no. 5. Although appellant argues it paid Pauley all the amounts the general contractor was entitled to under the terms of its contract, there is no evidence to support this assertion.
Because appellant did not pay Pauley the $29,203 approved by the architect on draw no. 5, we find appellant has received a benefit for which it has not paid; therefore, has been unjustly enriched. Accordingly, we find the trial court did not err in granting summary judgment in favor of appellee.
Appellant's first assignment of error is overruled.
 II
Based upon our determination, supra, the trial court did not err in determining appellant was unjustly enriched by appellee, we find appellant's second assignment of error is moot.
The judgment entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.