[Cite as *Abrams v. Fuerst*, 2011-Ohio-1641.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| DANTE ABRAMS | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| GERALD FUERST, ET AL | : | Case No. 10-CA-146 |
| | : | |
| Defendants-Appellees | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Richland County Court of Common Pleas, Case No. 10CV1136D |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 31, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MARK R. GREENFIELD | DANTE ABRAMS  Pro Se |
| Assistant Prosecuting Attorney | RICI |
| 1200 Ontario Street | 1001 Olivesburg Road |
| Cleveland, OH 44113 | Box 8107 |
| | Mansfield, OH  44901 |

*Gwin, P.J.*

{¶1}   Plaintiff-appellant Dante Abrams appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendant Gerald E. Fuerst, as Clerk of Courts of Cuyahoga County Common Pleas Court.   Appellant originally named a co-defendant Margaret Bradshaw in her capacity as Warden of the Richland Correctional Institution, but subsequently dismissed her from the case. Appellant assigns four errors to the trial court:

{¶2}   "I. THE TRIAL COURT ERRED WHEN IT DECIDED THE COST BILL BY DEFENDANT FUERST IS AN ITEMIZED COST BILL THAT SATISFIES STATUTE.

{¶3}   "II. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT FUERST HIS JUDGMENT ON THE PLEADINGS.

{¶4}   "III. THE TRIAL COURT ERRED WHEN THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WAS DENIED AS MOOT.

{¶5}   "IV. THE TRIAL COURT ERRED WHEN THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WAS DENIED AS MOOT."

{¶6}   The trial court's judgment was entered on the pleadings pursuant to Civ. R. 12 (C), so the record before us is sparse.   Appellant's complaint alleges he is incarcerated at the Richland Correctional Institution.   He was sentenced on September 10, 2002 in the Cuyahoga County Court of Common Pleas to six months incarceration, which he completed on or about March 6, 2003.   Although the complaint does not explain, apparently appellant was subsequently incarcerated again. On December 21, 2009, appellee Clerk of Courts issued a statement of court costs of $208.00, with $41.00 having been paid.   On June 21, 2010, the Warden of the Richland Correctional

Institution notified appellant of the court order to pay $167.00 for court costs. The Warden paid the bill in full from appellant's inmate account. The complaint alleged the cost bill was inadequate because it was not an itemized bill, and prayed for return of the $208.00 either from appellee or from the Warden. Appellee's answer admitted he is the Clerk of Court and admitted appellant had been sentenced to six months incarceration. Appellee's answer stated he had issued the statement of court costs and forwarded the court order to pay the obligation, but denied any impropriety or wrongdoing.

**{¶7}** Appellant subsequently filed motions for leave to file a motion for summary judgment and for summary judgment, while about the same time, appellee filed a motion for judgment on the pleadings. The trial court granted the motion for judgment on the pleadings, finding there was an itemized bill. The court overruled appellant's motion for leave to file summary judgment finding it was moot.

I.

**{¶8}** R.C. 2949.14 requires the clerk of the common pleas court to make and certify a complete itemized bill of the costs made in the prosecution of non-indigent persons. In his first assignment of error, appellant argues the court erred in finding the cost bill appellee provided was sufficiently itemized and satisfied the statute.

**{¶9}** The cost bill lists:

**{¶10}** Fine $0.00;

**{¶11}** Clerk's fee $49.00;

**{¶12}** Computer fees $10.00;

**{¶13}** County operations $75.00;

**{¶14}** Court reporter $0.00;

**{¶15}** Reparations $0.00;

**{¶16}** Cuyahoga County Sheriff's Department $21.00;

**{¶17}** Legal research $3.00;

**{¶18}** Public defender $0.00; and

**{¶19}** "Other" $50.00.

**{¶20}** Appellant cites us to *Crock Construction Company v. Stanley Miller Construction Company,* 66 Ohio St. 3d 588, 1993-Ohio-212, 613 N.E. 2d 1027, wherein the Supreme Court held a mechanic's lien listing "material charges" and "equipment charges" is insufficient. The Supreme Court found the lien should contain more detail about what materials and equipment were used.

**{¶21}** The trial court found the bill sent from appellee was sufficiently itemized, and we agree. The first assignment of error is overruled.

II.

**{¶22}** In his second assignment of error, appellant argues the trial court should not have granted appellee judgment on the pleadings.

**{¶23}** In determining whether to grant judgment on the pleadings pursuant to Civ. R. 12 (C), the trial court is required to construe the allegations in the complaint, and all reasonable inferences to be drawn from the allegations, in favor of the non-moving party. *Whaley v. Franklin County Board of Commissioners,* 92 Ohio St. 3d 574, 2001-Ohio-1287, 752 N.E. 2d 267, citing *Peterson v. Teodosio* (1973), 34 Ohio St. 2d 161, 297 N.E. 2d 113. The court may dismiss the case only if it is clear that the plaintiff could prove no set of facts in support of the claim that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St. 3d 565, 1996-Ohio-459, 664 N.E.

2d 931.  Our review of a court's decision granting judgment on the pleadings is de novo.

See, e.g., *State v. Sufronko* (1995), 105 Ohio App. 3d 504, 644 N.E. 2d 596.

{¶24}  Because we agree with the trial court the bill was sufficiently itemized, we agree with the trial court appellee was entitled to judgment on the pleadings.

{¶25}  The second assignment of error is overruled.

III & IV.

{¶26}  In his third assignment of error, appellant urges the trial court erred in overruling his motion for leave to file a summary judgment, finding it moot.  In his fourth assignment of error, appellant argues the trial court erred in overruling the motion for summary judgment as moot.

{¶27}  In light of our holding in I and II, supra, we find the trial court did not err in determining the motions were mooted by the judgment on the pleadings.

{¶28}  The third and fourth assignments of error are overruled.

{¶29}  For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

WSG:clw 0316

[Cite as *Abrams v. Fuerst*, 2011-Ohio-1641.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DANTE ABRAMS                                :
                                            :
        Plaintiff-Appellant     :
                                            :
                                            :
-vs-                                        :        JUDGMENT ENTRY
                                            :
GERALD FUERST, ET AL                        :
                                            :
                                            :
        Defendants-Appellees    :        CASE NO. 10-CA-146


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY